1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
10

11                                    )
     GUSTAVO GOMEZ,                    )     Case No. CV 17-4087-DMG (JEM)
12                                     )
                         Petitioner,   )
13                                     )     ORDER SUMMARILY DISMISSING
          v.                           )     PETITION FOR WRIT OF HABEAS
14                                     )     CORPUS AND DENYING CERTIFICATE
     CALIFORNIA BOARD OF PAROLE,       )     OF APPEALABILITY
15                                     )
                         Respondent.   )
16   _____)

17

18        On April 11, 2017, in the United States District Court for the Southern District of

19   Florida, Gustavo Gomez ("Petitioner"), filed a petition for writ of habeas corpus ("Petition"),

20   in which he challenges the 2016 decision of the California Board of Parole Hearings

21   ("Board") finding him unsuitable for parole.  (See Petition at 6-22.)[1]  On May 31, 2017, the

     case was transferred to this Court.
22

23                                   **DISCUSSION**

24        This Court has a duty to screen habeas corpus petitions.  See Rules Governing §

25   2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes.  Rule 4

26   requires a district court to examine a habeas corpus petition, and if it plainly appears from

27   the face of the petition and any annexed exhibits that the petitioner is not entitled to relief,

28        _____

          [1]  The Court refers to the pages of the Petition as numbered by the CM/ECF system.

1 the judge shall make an order for summary dismissal of the petition.  Id.; see also Local

2 Rule 72-3.2.

3       Summary dismissal is appropriate in this case because the Supreme Court's decision

4 in Swarthout v. Cooke, 562 U.S. 216 (2011), precludes habeas relief on Petitioner's claims.

5 In Swarthout, the Supreme Court recognized that Board decisions are reviewed by

6 California state courts under a standard of "whether 'some evidence' supports the

7 conclusion that the inmate is unsuitable for parole because he or she currently is

8 dangerous."  Id. at 217 (quoting In re Lawrence, 44 Cal.4th 1181, 1191 (2008)) (additional

9 citation omitted).  The Court also acknowledged as reasonable the Ninth Circuit holding that

10 California law governing parole creates a cognizable liberty interest for purposes of

11 analyzing a federal due process claim.  Id. at 219-20 (citing Cooke v. Solis, 606 F.3d 1206,

12 1213 (9th Cir. 2010)).  However, the Court emphasized that any such interest is "a *state*

13 interest created by California law"; there is no corresponding substantive right under the

14 United States Constitution to conditional release before expiration of a valid sentence.  Id. at

15 220 (The Court also stated: "No opinion of ours supports converting California's 'some

16 evidence' rule into a substantive federal requirement.").

17       Therefore, regardless of the standard of judicial review applied by California state

18 courts, the proper scope of federal habeas review in the context of a parole decision

19 concerns only the constitutional question of whether fair and adequate procedures were

20 employed for protection of the prisoner's state-created liberty interest.  Id. ("When . . . a

21 State creates a liberty interest, the Due Process Clause requires fair procedures for its

22 vindication – and federal courts will review the application of those constitutionally required

23 procedures."); see also id. at 222 ("Because the only federal right at issue is procedural, the

24 relevant inquiry is what process [the petitioner] received, not whether the state court

25 decided the case correctly.").

26       The Court reaffirmed that "[i]n the context of parole, we have held that the

27 procedures required [by the Constitution] are minimal."  Id. at 220; see also Greenholtz v.

28 Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979) (adequate

process consisted of an opportunity to be heard and a statement of reasons for parole denial). The Supreme Court determined in Greenholtz "that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220 (citing Greenholtz, 442 U.S. at 16). "The Constitution does not require more." Greenholtz, 442 U.S. at 16. Any further inquiry into the actual merits of a parole decision, and specifically into the question of whether the "some evidence" standard regarding present dangerousness was satisfied, would involve a question of state law that is not cognizable on federal habeas review. Swarthout, 562 U.S. at 221 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review . . . was correctly applied"); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 121 n. 21 (1982).

Following Swarthout, Petitioner may not obtain habeas relief on the grounds asserted in his Petition, which essentially challenge the quantum of evidence supporting the Board's 2016 decision denying him parole. The Petition and accompanying exhibits indicate that Petitioner testified, presented beneficial evidence, and received a written statement of reasons for the Board's decision. (See Petition at 6-22, Exs. A, E.) Because Petitioner has not shown that the procedures followed by the Board were constitutionally deficient, there is no basis for federal habeas relief. See Swarthout, 562 U.S. at 220-21; see also Greenholtz, 442 U.S. at 16. The Petition, therefore, should be summarily dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed with prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**ORDER**

IT IS HEREBY ORDERED that: (1) the Petition is dismissed with prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED:   June 22, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE